IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **AMBER DENNARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) Civil Action No.   2:23-CV-276-RWS-JCF |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| **HUTCHINSON AUTOMOTIVE GROUP, LLC,** | ) |
| | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff **Amber Dennard** ("Plaintiff" or "Dennard") brings this employment action for relief and damages against Defendant **Hutchinson Automotive Group, LLC** ("Defendant" or "Hutchinson Group") based on the following factual allegations and causes of action.

## NATURE OF THE ACTION

1.  This action to correct unlawful employment practices arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e-3(a) and 42 U.S.C.A. § 1981 ("Section 1981"). Plaintiff, an African-American woman who worked as a sales manager at several Hutchinson Group dealerships in

1

Georgia, brings a Title VII claim that she was terminated because she made complaints to management about sexist and racist remarks by her general manager. Plaintiff further alleges under Section 1981 that she was subjected to a hostile work environment based on her race, and that Defendant has spread derogatory information about Plaintiff to other automotive dealerships in an effort to deny her income and employment. Plaintiff seeks economic damages, including back pay and front pay; compensatory damages for mental anguish and emotional distress to the extent allowed by law; and her attorneys' fees and costs of litigation.

## THE PARTIES

2.      Dennard is a resident of Macon County, Georgia. During the time of the relevant events alleged in this complaint, she was employed at the Hutchinson Group dealership in Forsyth County, Georgia.

3.      Hutchinson Group is a privately owned automobile company that maintains multiple dealerships in central Georgia, including Hutchinson Ford in Forsyth, Georgia.

## PERSONAL JURISDICTION

4.      Hutchinson Group may be served with proper process through its registered agent on record with the Georgia Secretary of State, M. Forrest Hutchinson III, at 3989 River Place Drive, Macon, GA 31210.

## SUBJECT MATTER JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1343.

6. Venue is proper in this district and division under 28 U.S.C.A. § 1391(b)(1)-(2), as Defendant resides in and conducts business in, and the alleged unlawful acts occurred in, this judicial district and division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On October 10, 2022, Plaintiff filed a charge of discrimination against Hutchinson Group with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 420-2023-00908. A copy is attached as Exhibit A.

8. Plaintiff subsequently received a Right-to-Sue letter from the EEOC on September 29, 2023. A copy is attached as Exhibit B.

9. Plaintiff timely files her Title VII claim within 90 days of receiving her Right-to-Sue letter.

## FACTUAL ALLEGATIONS

10. Amber Dennard has worked as a sales agent and manager in the automobile industry since 2015.

11. The automobile sales industry is overwhelmingly male-dominated. According to data from the career website Zippia, only 11% of the automotive sales force is female. Blacks are underrepresented in the industry as well: the Zippia data places the number of black sales agents at roughly 10%. In Dennard's near-decade of experience, black female sales agents are exceedingly rare, even in markets with a relatively robust African-American population.

12. After successful stints at several Florida-based Toyota and Hyundai dealerships, Dennard was recruited to Hutchinson Group's Macon, Georgia-based network in December 2021, and she was initially assigned to one of the Macon franchises.

13. In March 2022, Dennard was reassigned to the Hutchinson Ford dealership in Forsyth, Georgia, where she reported to General Manager Ed Burgess, who is white.

14. Over the course of the next four months, Dennard was subjected to a work environment that was riddled with racist and sexually tinged remarks by Burgess.

15. On 10 to 15 occasions, Burgess used the racial slur "n*****" in Dennard's presence in a variety of contexts. At times, Burgess professed to have an affinity for uncut rap lyrics, and he would recite the epithet while quoting from

4

certain songs. Burgess also used the so-called "n-word" to refer to at least one black customer of the dealership. There were also instances when Dennard heard Burgess use the term to ridicule a black sales manager with whom Burgess frequently found fault.

16. Burgess had a penchant for offensively sexualized comments about black women, particularly in the context of X-rated images from music videos. For example, Burgess crudely remarked in front of Dennard that he wanted to imitate a graphic image from a video of a male entertainer using a $100 bill to perform an act of sexual gratification on a black stripper.

17. In June and July 2022, Dennard made verbal and written complaints about Burgess' degrading behavior to Christopher Catlett, a human resources manager for Hutchinson Group. Soon after these reports, Dennard noticed that Burgess became increasingly hostile to her, even denying her time off to attend a relative's funeral.

18. Dennard made several unsuccessful requests to Catlett that she be transferred to another dealership because of Burgess' conduct.

19. Dennard heard from coworkers that in the aftermath of her complaints to Catlett and her transfer requests, Burgess began referring to her as "that b****" and began developing plans to fire her.

20. In early August 2022, Burgess was fired after an internal investigation of complaints from Dennard and two other employees of the Ford Forsyth dealership; one was a black male, the other a white female. But immediately after the firing, Dennard was admonished by Frank Reynolds, a senior-level Hutchinson Group director who oversaw the operations of all of the company's dealerships, for going outside the chain of command to engage the HR department.

21. The white female who complained about Burgess resigned before Burgess' firing. But within a week of Burgess' departure, Dennard and the other black employee who made complaints were suddenly informed by Reynolds that they were in jeopardy of receiving performance write-ups if the Ford Forsyth dealership did not start putting up stronger sales numbers.

22. The automotive sales industry is notoriously volatile, and corrective action against agents for fluctuations in sales numbers rarely happens. In fact, Dennard was one of the stronger sales performers at the dealership.

23. On August 26, 2022, Dennard was notified by the new general manager and Hutchinson Group's Corporate Comptroller, Courtney Snipes, that she was being terminated for a history of "insubordination." Dennard was given little in the way of specifics, but she was informed that one of the sources of the complaints about her was Burgess, prior to his firing.

24. Within a month of her general manager's termination after a company investigation that included a review of Dennard's complaints of a hostile work environment, Dennard's own fortunes at Hutchinson Group rapidly deteriorated.

25. Hutchinson Group's firing of Dennard on vague grounds of insubordination is an ill-disguised pretext for its true motive of punishing Dennard for her role in Burgess' dismissal.

26. After Dennard left the company, Reynolds and other Hutchinson Group officials continued to retaliate by providing negative references to other Georgia-based dealerships, branding Dennard as a litigation risk and a disruptive influence.

27. Dennard initially obtained employment in fall 2022 at a dealership in Milledgeville, Georgia. Within a month of her filing an EEOC charge in October 2022 and within two months of her legal counsel sending a demand letter to Hutchinson Group in September 2022, Dennard was informed by the general manager of the Milledgeville dealership that a senior-level employee at Hutchinson Group had called in an effort to dissuade him from employing Dennard; that manager ended up firing Dennard after less than three months on the job, despite an absence of any legitimate performance-based reasons.

## CAUSES OF ACTION

### COUNT I

### (Retaliatory Termination in Violation of Title VII, 42 U.S.C.A. § 2000e-3(a))

28. Plaintiff incorporates by reference paragraphs 1–27 of this complaint as though set forth fully and separately herein.

29. Plaintiff engaged in protected activity under Title VII by making internal complaints of a sex and race based hostile environment.

30. Defendant Hutchinson Group retaliated against Plaintiff by terminating her because of her internal complaints of discrimination.

31. As a result of Hutchinson Group's unlawful retaliation, Plaintiff has suffered economic damages, including but not limited to loss of back pay and front pay; and noneconomic compensatory damages related to mental anguish, emotional distress, humiliation, embarrassment, and reputational stigma. Plaintiff is also entitled to recover the costs of litigation and attorneys' fees.

### COUNT II

### (Post-Employment Retaliation in Violation of 42 U.S.C.A. § 1981)

32. Plaintiff incorporates by reference the preceding paragraphs 1–27 of this complaint as though set forth fully and separately herein.

33.  42 U.S.C.A. § 1981 prohibits retaliation for complaints of workplace race discrimination, including retaliatory acts post-employment.

34.  After her termination, Plaintiff engaged in protected activity under Section 1981 by obtaining legal counsel to issue a litigation demand letter that invoked claims of race discrimination and by filing an official charge of discrimination with the EEOC that included an allegation of race-based discrimination during her employment at the Forsyth dealership owned by Hutchinson Group.

35.  In the aftermath of her protected activity, Defendant Hutchinson Group retaliated against Plaintiff by disseminating negative information about her to future and potential employers.

36.  As a result of Hutchinson Group's retaliatory conduct, Plaintiff suffered monetary damages, including lost wages; and noneconomic compensatory damages related to mental anguish, emotional distress, humiliation, embarrassment, and reputational stigma. Plaintiff is also entitled to recover the costs of litigation and attorneys' fees.

## COUNT III

**(Hostile Work Environment Based on Race in Violation of 42 U.S.C.A. § 1981)**

37. Plaintiff incorporates by reference the preceding paragraphs 1–27 of this complaint as though set forth fully and separately herein.

38. Plaintiff, an African American, experienced unwelcome harassment at work based on her race in the form of the frequent use of racial slurs and degrading comments about black women; the aforementioned harassment was severe and pervasive enough to alter the terms and conditions of her employment.

39. The harassment of Plaintiff was perpetrated by an individual with supervisory authority over her, therefore imputing liability for the harassment to Hutchinson Group, in violation of Section 1981.

40. As a result of the racially hostile work environment she endured, Plaintiff suffered noneconomic compensatory damages related to mental anguish, emotional distress, humiliation, embarrassment, and reputational stigma. Plaintiff is also entitled to recover the costs of litigation and attorneys' fees.

## PRAYER FOR RELIEF

Wherefore, based on the above-stated claims, Plaintiff demands a trial by jury and that the following relief be granted:

A. Back pay, front pay, and lost benefits.

B. Compensatory damages to the full extent allowed by law.

C. Punitive damages based on the development of the evidence.

D. Attorneys' fees and costs of litigation.

E. Prejudgment and post-judgment interest at the highest lawful rate.

F. Such other equitable and monetary relief as the Court deems just and proper.

Respectfully submitted, the 28th day of December 2023.

**HKM Employment Attorneys LLP**

*s/Artur Davis*
Artur Davis[1]
ASB-3672-D56A
2024 3rd Ave. North, Suite 212
Birmingham, AL 35203
Direct: 205-881-0935
adavis@hkm.com

*s/Jermaine "Jay" Walker*
Jermaine "Jay" Walker
GA Bar No. 142044
3344 Peachtree Rd. NE, Suite 800
Office No. #35
Atlanta, GA 30326
Direct: 404-301-4020
jwalker@hkm.com

**Attorneys for Plaintiff Amber Dennard**

---

[1]Artur Davis will promptly file for admission *pro hac vice* as an attorney of record in this action. Mr. Davis is licensed in the state of Alabama and the District of Columbia.